**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARY LEON DAVIS,                )
      Plaintiff,              )
                             )   Civil Action No. 04-53
         v.                   )   Judge Thomas J. Hardiman
                             )   Magistrate Judge Lenihan
SGT.   JOHN   SYNDER;   and )
OFFICER RON WAZ,                )
      Defendants.             )
                             )
                             )

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

I.   **RECOMMENDATION**

    It is respectfully recommended that the Complaint in the above-captioned case be dismissed based upon Plaintiff's failure to prosecute this action.

II. **REPORT**

    Gary Leon Davis commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983).  Named as Defendants are two police officers employed at the Wilkinsburg Police Station during the relevant time period.  In his Complaint, Plaintiff alleges that Defendants violated his civil rights as protected by the Fourth and Sixteenth Amendments of the United States Constitution as a result of a search of his apartment on March 29, 2002.

A.   **Relevant Procedural History**

On February 24, 2004, this Court granted Plaintiff's Motion to Proceed In Forma Pauperis, ordered the Clerk of Court to file his Complaint (doc. no. 3) and ordered Plaintiff to authorize payment of the initial filing fee in the amount of $13.20 together with subsequent monthly installments, by returning a copy of the signed Authorization form (doc. no. 2). Plaintiff never filed the Authorization form; nor did he pay any of the required filing fee. On May 20, 2005, this Court ordered Plaintiff to file a response addressing why this action should not be dismissed for failure to prosecute (doc. no. 5). To date, Plaintiff has failed to respond to this Court's Order dated May 20, 2005 and has failed to do anything to actively prosecute his action.

**B. Plaintiff's Failure to Prosecute**

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

  (1)   the extent of the party's personal responsibility;

  (2)   the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

2

(3)    a history of dilatoriness;

(4)    whether the conduct of the party or the attorney was willful or in bad faith;

(5)    the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)    the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding pro se in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to prosecute this action including the failure respond to this Court's deadline to file a response to its May 20, 2005 Order. With respect to the

3

second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay.  With respect to the third factor, Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time.  Thus, he has shown dilatoriness in proceeding with his action.  With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith.  The fifth factor to consider is the effectiveness of sanctions other than dismissal.  Because Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate.  Finally, under the sixth factor, because no answer has been filed, this Court cannot determine the meritoriousness of his claim.

## III.   CONCLUSION

The analysis of the factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections

4

shall have seven (7) days from the date of service of objections to respond thereto.   Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: July 15, 2005

cc:  The Honorable Thomas M. Hardiman
     United States District Judge

     **GARY LEON DAVIS**
     18135
     Allegheny County Jail
     950 Second Avenue
     Pittsburgh, PA 15219

5